## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA KLAUS, | ) |
| | ) |
| Plaintiff, | )   **PLAINTIFF'S COMPLAINT AND** |
| | )   **DEMAND FOR JURY TRIAL** |
| – vs – | ) |
| | ) |
| M&T BANK CORPORATION and | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, SANDRA KLAUS ("Plaintiff"), through her attorney, hereby alleges the following against Defendant, M&T BANK CORPORATION ("M&T") and Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (collectively "Defendants"):

## NATURE OF ACTION

1.  This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PARTIES

2.  Plaintiff is a natural person and is otherwise *sui juris*. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3.  Defendant M&T is a nationally chartered banking institution, conducting business in the State of New York and the Southern District of New York and is headquartered at One M & T Plaza, 8th Floor, Buffalo, New York 14203.

4.  On information and belief, Defendant M&T is an entity who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies",

as defined by 15 U.S.C. §1681a(f), regarding its transactions or experiences with "consumers".

5.   Defendant EXPERIAN is a corporation headquartered in Costa Mesa, California.  It is authorized to do business in the State of New York and the Southern District of New York through its registered agent at the CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

6.   Defendant EXPERIAN, is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).

7.   Defendant EXPERIAN, regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. §1681a(f).

## JURISDICTION & VENUE

8.   Defendants conduct substantial and regular business activities in the Southern District of New York and therefore jurisdiction is established.

9.   Jurisdiction of this court arises pursuant to 15 U.S.C. §1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10.   Venue is proper in the United States District Court Southern District of New York pursuant to 28 U.S.C §1391b, because a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

11.   This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. §1367.

12. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

13. On or around April 21, 2012, Plaintiff and Defendant M&T entered into a Retail Installment Sales Contract for the purchase of a vehicle, Plaintiff to Defendant on account ending in 80001 (the "Account").

14. This agreement and the terms thereof were memorialized in writing, including the payment schedule, which Plaintiff timely observed until August 2012.

15. On or around September 5, 2012, Plaintiff fell delinquent on terms in the Retail Installment Sales Contract resulting in Defendant M&T, repossessing the collateral.

16. On or about April 27, 2013, Defendant M&T took possession of the collateral.

17. Despite Defendant M&T's performance of the repossession, Defendant M&T took it upon itself to report incorrect information to the CRAs. Specifically, reporting that the collateral was repossessed May 2013, June 2013, July 2013, August 2013 and September 2013. Written notice by Defendant M&T, clearly informs that repossession took place on or about April 27, 2013 making it impossible for the collateral to have been repossessed every month thereafter for five consecutive months.

18. On or around November 30, 2018, Plaintiff informed the Defendant EXPERIAN of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant M&T, among other things.

19. On or around December 18, 2018, Defendant EXPERIAN reported the results of their investigation concerning the Account to Plaintiff, which failed to correct the inaccuracies

on Plaintiff's credit report.

20. On information and belief, Defendant EXPERIAN, pursuant to its responsibility in 15 U.S.C. § 1681i, notified Defendant M&T of the disputed inaccuracies of the information they provided concerning Plaintiff.

21. Upon being notified by Defendant EXPERIAN, Defendant M&T was required, pursuant to 15 U.S.C. § 1681s-2(2)(B), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRAs; (C) report the results of the investigation to the CRAs; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which Defendant M&T previously provided information.

22. On or around March 21, 2019, Plaintiff again informed the Defendant EXPERIAN of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant M&T, including historical transaction details, as well as other incorrect information continued to be reported on Plaintiff's credit report. The information was incorrect and is at odds with the Defendant M&T records of repossession on or about April 27, 2013.

23. Therefore, Defendant M&T being notified of the reporting of incorrect information, subsequently and willingly failed to conduct a genuine investigation into Plaintiff's disputes, review all relevant information provided to it, and report the results to the CRAs to which it provided said information. If Defendant M&T would have complied with its statutory duties; the account history would have reflected accurate transaction details of repossession on or about April 27, 2013 instead of the inaccurate credit reporting on May 2013, June 2013, July 2013, August 2013 and September 2013.   Defendant M&T

reporting of the false transaction history caused damage to the Plaintiff's credit score, credit purchases; emotional distress and mental anguish.

24. Further, upon being notified by Plaintiff of inaccurate information, Defendant EXPERIAN, pursuant to 15 U.S.C. §1681e(b), was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Instead of following reasonable procedures, upon information and belief, Defendant EXPERIAN simply passed along the information received from Defendant M&T. If Defendant EXPERIAN would have complied with its statutory duties, incorrect information concerning the Plaintiff credit score would not have been reported despite the notice given.

25. On or around May 17, 2019, Plaintiff wrote Defendant EXPERIAN for the third time of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant M&T, specifically requesting historical transaction details, as well as other incorrect information that continued to be reported on Plaintiff's credit report. The information was incorrect and is at odds with the Defendant M&T records of repossession on or about April 27, 2013.

26. On or around May 17, 2019, Plaintiff requested specific documents relating to Retail Installment Sales Contract as well as informing the Defendant M&T of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant M&T, including historical transaction details, as well as other incorrect information continued to be reported on Plaintiff's credit report.

27. On or around May 31, 2019, Defendant M&T replied with a copy of the Retail Installment Sales Contract, copies of account statements, some of the required UCC

notices but was specifically absent of the accounting requested under UCC 9-210 as well as other information requested by the Plaintiff.

28. On or around June 3, 2019, Defendant EXPERIAN reported the results of their investigation concerning the Account to Plaintiff, which again failed to correct the inaccuracies on Plaintiff's credit report.

29. On or about June 25, 2019, additional notice was sent to Defendant EXPERIAN with the new account information provided by Defendant M&T clearly showing the information as published by Defendant Experian's credit report remained inaccurate.

30. This renewed dispute included documentation provided by Defendant M&T and informed of certain incorrect information that was being reported on Plaintiff's credit report regarding Plaintiff's Account with Defendant M&T, specifically requesting historical transaction details, as well as other incorrect information that continued to be reported on Plaintiff's credit report.

31. Defendant EXPERIAN was required under 15 U.S.C. §1681i(a)(4) to use all relevant information submitted by the consumer while conducting any reinvestigation.

32. On or around July 19, 2019, Defendant EXPERIAN reported the results of their investigation concerning the Account to Plaintiff, which yet again failed to correct the inaccuracies on Plaintiff's credit report.

33. Despite Plaintiff's diligent notices to inform both Defendant EXPERIAN and Defendant M&T of their inaccuracies, the account never reflected the "XB" code that the account was in dispute as required in 15 U.S.C. §1681s-2(a)(3). This occurred well after Defendant M&T received Plaintiff's direct notice of dispute as well as the multiple notices made by Defendant EXPERIAN.

34. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit; and mental anguish and emotional distress.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT M&T
## M&T VIOLATED THE FCRA 15 U.S.C. § 1681s(2)(b)

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

36. Defendant M&T's violations of the FCRA include, but are not limited to, the following:

    a. Defendant violated §1681s-2(a)(2)(A),(B) of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

    b. Defendant violated §1681s-2(a)(2)(B) of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate; and

    c. Defendant violated §1681s-2(a)(3) of the FCRA by failing to report the account in dispute.

37. As a result of this conduct, action and inaction of Defendant M&T, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why she lost the ability to benefit from credit.

38. M&T's conduct, action and inaction was willful, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

39. The Plaintiff is entitled to recover costs and attorney's fees from Defendant M&T in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

40. Alternatively, Defendant M&T's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Defendant M&T in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN
## EXPERIAN VIOLATED THE FCRA 15 U.S.C. §1681e(b)

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. Defendant EXPERIAN's violations include, but are not limited to, the following:

   a. Defendant willfully violated §1681e(b) of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff;

   b. Defendant violated §1681e(b) of the FCRA by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff;

38. As a result of this conduct, action and inaction of Defendant EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why she lost the ability to benefit from credit.

39. Defendant EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

40. Defendant EXPERIAN's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C §§ 1681n and 1681o.

**SECOND CLAIM FOR RELIEF AGAINST EXPERIAN**
**EXPERIAN VIOLATED THE FCRA 15 U.S.C. § 1681i**

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

43. Defendant EXPERIAN's violations include, but are not limited to, the following:

    a. Defendant willfully violated §1681i of the FCRA by failing to consider all relevant information submitted by the consumer while conducting any reinvestigation; failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

    b. Defendant violated §1681i of the FCRA by negligently failing to consider all relevant information submitted by the consumer while conducting any reinvestigation; failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors

and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

44. As a result of this conduct, action and inaction Defendant EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why she lost the ability to benefit from credit.

45. Defendant EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

46. Defendant EXPERIAN's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

47. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C §§ 1681n and 1681o.

**THIRD CLAIM FOR RELIEF AGAINST EXPERIAN**
**EXPERIAN VIOLATED THE NYS GENERAL OBLIGATIONS LAW NYS**
**GBS § 380-f**

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-47.

49. Defendant EXPERIAN's violations include, but are not limited to, the following:

    a.  Defendant willfully violated NY GBS § 380-f by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff;

b. Defendant willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

c. Defendant violated NY GBS § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

d. Defendant violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Defendant EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit,

reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why she lost the ability to benefit from credit.

51. Defendant EXPERIAN's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

52. Defendant EXPERIAN's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m.

53. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN in an amount to be determined by the Court pursuant to NY GBS §§ 380-l and 380-m.


### PRAYER FOR RELIEF

Plaintiff, Sandra Klaus prays that this Court:

1. Declare that the Defendants violated the FCRA;

2. Enter judgment in favor of Plaintiff and against Defendant Experian, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

3. Declare that Defendant Experian violated the NY GBL § 380;

4. Enter judgment in favor of Plaintiff and against Defendant Experian for statutory damages, costs, and reasonable attorneys' fees as provided by § 380-l of the NY GBL.

5. Enter judgment in favor of Plaintiff and against Defendant M&T for damages, costs, and attorneys' fees as provided by 15 U.S.C § 1681n and 15 U.S.C § 1681o.

6. Grant such further relief as deemed just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues.

Dated: August 6, 2020

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**