UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA KLAUS,<br><br>            Plaintiff,<br><br>  v.<br><br>M&T BANK CORPORATION and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>            Defendants. | 20-cv-6179 (PAE)<br><br>**ANSWER** |

Defendant M&T Bank (incorrectly named herein as "M&T Bank Corporation") ("M&T Bank"), by its attorneys, Hodgson Russ LLP, for its answer to the Complaint of Plaintiff Sandra Klaus ("Plaintiff"), states as follows:

### NATURE OF ACTION[1]

1. Denies the allegations of paragraph 1 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 insofar as they are directed to the other defendant.

### PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 insofar as they claim that Plaintiff is *sui juris*; avers that the allegations of paragraph 2 state legal conclusions to which no response is required insofar as they claim that Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c); and admits that Plaintiff is an individual, upon information and belief.

---

[1] This Answer contains the same section headings as those in the Complaint for ease of reference *only*. M&T Bank does not admit—and expressly denies—any factual assertions or conclusions contained in the section headings.

3. Denies the allegations of paragraph 3, except (i) admits that M&T Bank is a banking corporation that maintains its principal place of business in Buffalo, New York; and (ii) avers that the allegations of paragraph 3 state legal conclusions to which no response is required insofar as they claim that M&T Bank "conducts business" in New York State and within this District.

4. Avers that the allegations of paragraph 4 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Avers that the allegations of paragraph 6 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of paragraph 6.

7. Avers that the allegations of paragraph 7 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of paragraph 7.

**JURISDICTION & VENUE**

8. Avers that the allegations of paragraph 8 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of paragraph 8.

9. Avers that the allegations of paragraph 9 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of paragraph 9.

10. Avers that the allegations of paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, denies the allegations of paragraph 10.

11. Avers that the allegations of paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, denies the allegations of paragraph 11.

12. Avers that the allegations of paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, denies the allegations of paragraph 12.

## FACTUAL ALLEGATIONS

13. Denies the allegations of paragraph 13; except refers to the referenced agreement for a fair, accurate, and complete statement of its contents.

14. Denies the allegations of paragraph 14; except refers to the referenced agreement for a fair, accurate, and complete statement of its contents.

15. Admits the allegations of paragraph 15; and refers to the referenced agreement for a fair, accurate, and complete statement of its contents.

16. Denies the allegations of paragraph 16; except admits that the collateral was repossessed in April of 2013.

17. Denies the allegations of paragraph 17 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 insofar as they are directed to the other defendant.

18. Denies the allegations of paragraph 18 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 insofar as they are directed to the other defendant.

19. Denies the allegations of paragraph 19 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 insofar as they are directed to the other defendant.

20. Denies the allegations of paragraph 20 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 insofar as they are directed to the other defendant.

21. Avers that the allegations of paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 insofar as they are directed to the other defendant.

23. Denies the allegations of paragraph 23 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 insofar as they are directed to the other defendant.

24. Denies the allegations of paragraph 24 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 insofar as they are directed to the other defendant.

25. Denies the allegations of paragraph 25 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 insofar as they are directed to the other defendant.

26. Denies the allegations of paragraph 26 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 insofar as they are directed to the other defendant.

27. Denies the allegations of paragraph 26 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 insofar as they are directed to the other defendant.

28. Denies the allegations of paragraph 28 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 insofar as they are directed to the other defendant.

29. Denies the allegations of paragraph 29 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 insofar as they are directed to the other defendant.

30. Denies the allegations of paragraph 30 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 insofar as they are directed to the other defendant.

31. Denies the allegations of paragraph 31 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 insofar as they are directed to the other defendant.

32. Denies the allegations of paragraph 32 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 insofar as they are directed to the other defendant.

33. Denies the allegations of paragraph 33 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 insofar as they are directed to the other defendant.

34. Denies the allegations of paragraph 34 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 insofar as they are directed to the other defendant.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT M&T BANK**
**M&T VIOLATED THE FCRA 15 U.S.C. § 1681s(2)(b)**

35. Repeats and realleges the answer to each of the allegations in all prior paragraphs, which are incorporated by reference as if set forth fully here.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Denies the allegations of paragraph 40.

41. Denies the allegations of paragraph 41.

**FIRST CLAIM FOR RELIEF AGAINST EXPERIAN**
**EXPERIAN VIOLATED THE FCRA 15 U.S.C. § 1681e(b)**

36. Repeats and realleges the answer to each of the allegations in all prior paragraphs, which are incorporated by reference as if set forth fully here.

37. Denies the allegations of paragraph 37 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 insofar as they are directed to the other defendant.

38. Denies the allegations of paragraph 38 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 insofar as they are directed to the other defendant.

39. Denies the allegations of paragraph 39 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 insofar as they are directed to the other defendant.

40. Denies the allegations of paragraph 40 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 insofar as they are directed to the other defendant.

41. Denies the allegations of paragraph 41 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 insofar as they are directed to the other defendant.

## **SECOND CLAIM FOR RELIEF AGAINST EXPERIAN**
## **EXPERIAN VIOLATED THE FCRA 15 U.S.C. § 1681i**

42. Repeats and realleges the answer to each of the allegations in all prior paragraphs, which are incorporated by reference as if set forth fully here.

43. Denies the allegations of paragraph 43 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 insofar as they are directed to the other defendant.

44. Denies the allegations of paragraph 44 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 insofar as they are directed to the other defendant.

45. Denies the allegations of paragraph 45 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 insofar as they are directed to the other defendant.

46. Denies the allegations of paragraph 46 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 insofar as they are directed to the other defendant.

47. Denies the allegations of paragraph 47 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 insofar as they are directed to the other defendant.

**THIRD CLAIM FOR RELIEF AGAINST EXPERIAN**
**EXPERIAN VIOLATED THE NYS GENERAL OBLIGATIONS LAW NYS GBS § 380-f**

48. Repeats and realleges the answer to each of the allegations in all prior paragraphs, which are incorporated by reference as if set forth fully here.

49. Denies the allegations of paragraph 49 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 insofar as they are directed to the other defendant.

50. Denies the allegations of paragraph 50 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 insofar as they are directed to the other defendant.

51. Denies the allegations of paragraph 51 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 insofar as they are directed to the other defendant.

52. Denies the allegations of paragraph 52 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 insofar as they are directed to the other defendant.

53. Denies the allegations of paragraph 53 insofar as they are directed to M&T Bank; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 insofar as they are directed to the other defendant.

## PRAYER FOR RELIEF

The unnumbered paragraphs following paragraph 53 contain requests for relief as to which no response is required.  To the extent a response is required, M&T Bank denies that Plaintiff is entitled to the relief requested against M&T Bank.

## GENERAL DENIAL

Except as otherwise previously admitted, denies each and every allegation contained in all paragraphs of the Complaint, including without limitation, the headings and subheadings, and specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable harm or damages for which M&T Bank is responsible.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.  M&T Bank expressly reserves the right to amend and/or supplement its Answer.

With respect to all paragraphs in the Complaint in which Plaintiff prays for damages or other relief, M&T Bank denies that Plaintiff is so entitled under the law.

## DEFENSES

### FIRST DEFENSE

The Complaint in whole or in part fails to state claims against M&T Bank for which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

The Complaint is barred in whole or in part by the doctrines of laches, estoppel, bad faith, and/or unclean hands.

### FOURTH DEFENSE

Subject to proof through discovery, some or all of Plaintiff's claims are barred by accord and satisfaction, discharge, abandonment, waiver, or release.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed, refused, or neglected to mitigate or avoid the damages asserted in the Complaint.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to join necessary and indispensable parties to this action.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by 15 U.S.C. § 1681b(e), § 1681p, and/or § 1681t.

## EIGHTH DEFENSE

M&T Bank did not breach any duty allegedly owed to Plaintiff.

## NINTH DEFENSE

At all relevant times, M&T Bank acted within the absolute and qualified privileges afforded it under the Fair Credit Reporting Act ("FCRA"), the United States Constitution, applicable state constitutions, and the common law.

## TENTH DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates M&T Bank's rights under the due process and excessive fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable state constitutions, and under the First Amendment to the United States Constitution and the analogous provisions of applicable state constitutions.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, were not caused by M&T Bank, but by other parties for who M&T Bank is not responsible and over whom M&T Bank has no control.

## TWELFTH DEFENSE

M&T Bank is not a proper party.

## THIRTEENTH DEFENSE

M&T Bank expressly reserves any and all rights to amend this Answer and assert additional defenses—affirmative or otherwise—in the event it discovers facts supporting such defenses.

WHEREFORE, Defendant M&T Bank demands judgment dismissing the Complaint with prejudice and respectfully requests that the Court award M&T Bank reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

Dated:  October 16, 2020

            HODGSON RUSS LLP

            By: */s/ Carmine J. Castellano*
               Carmine J. Castellano

            605 Third Avenue, Suite 2300
            New York, NY  10158
            (212) 751-4300
            ccastell@hodgsonruss.com

            *Attorneys for Defendant M&T Bank*